Your Honors, it pleases the Court, David Landry on behalf of the Petitioner, Mr. Aguilar-Turcios. Your Honors, this case arose from the Board of Immigration Appeals, which was based upon an appeal by the Petitioner from a judge's decision for the Immigration Court. In that Immigration Court proceeding, the Petitioner was charged with being removable for having been convicted of what's called an aggravated felony in the Immigration Nationality Act, in particular the one regarding child pornography. That arose because the Petitioner had been convicted for two violations of the Uniform Military Code of Justice, two distinct different charges. One of them was Article 134 and one was on Article 92. Now, what's important to understand in this case is that in both the charging sheet, which is the document that tells the military person what they have done and what the charge is against them, and also in what's called the Group Special Court Marshall, which also outlines the same charges, under Article 134 there are references to child pornography. However, the Immigration Judge and the Board of Immigration Appeals confirmed that the government has never appealed this decision, that the Article 134 charge cannot support an aggravated felony claim. The Immigration Judge, however, did a further analysis, first under the categorical approach, and then he decided that under the categorical approach the Article 92 charge didn't fit the aggravated felony statute. But then he went on to do a modified categorical approach. When he did so, he referenced in his decision statements that even the charging sheet and even the plea mirror the exact same words that are in the aggravated felony conviction, and that they relate to, excuse me just for a second, offenses under Title 18-2252 regarding child pornography, sexual exploitation of children. When he did so, when the judge did so, what he did was he looked at the factual basis and the charges that were actually contained in Article 134. And what he read into them was that in the grand scheme of the charges that the alien, the petitioner, must have been convicted under Article 92, also of crimes relating to child pornography. But it's clear from the record that the charging sheet, the special court-martial group sheet, and also what they call the stipulation of facts, which was part of the record, in no way, shape, or form at any point under the Article 92 charges does it ever reference anything other than pornography. The immigration judge reasoned that, well, that child pornography is a subset of pornography. Well, what the BIA did was it took Specification 2 under the 134 charge and borrowed facts from that, and then folded that into the specification under Charge No. 1, which is your Article 92 provision, right? That's essentially what happened. In 1992, he was simply charged with wrongful use of a government computer to obtain access to pornographic sites. That's correct. In Specification No. 2 for the Article 134 charge, he was specifically charged with possessing visual depictions of minors engaging in sexually explicit conduct, which would be sufficient to be an aggravated felony. Now, Mr. Aguilar-Turcios was asked very, very carefully by the judge at the court-martial about his conduct to establish that there was a factual basis. And we have Mr. Aguilar-Turcios' actual statements that he was accessing child pornography on his government computer. In other words, the pornography, which was the charge under Specification for the Article 92, that he was accessing on his government computer, was, in fact, child pornography. Well, Your Honor, as I understand it, those statements were made in reference to the Article 134 charge. Yeah, it's all taken at the same time. They're slightly different charges, but he has admitted that the pornography that he was accessing on his government computer, which is the Article 92 charge, was child pornography. That would be where we would part company, Your Honor. Because it was my understanding that when the petitioner pled guilty to these two charges, what was happening to the judge was the judge was explaining, okay, do you know what child pornography is? So on and so forth. He goes through the definitions of what a child is, what lewd and mischievous acts or explicit acts with a child, all those types of things. But those were all really in reference to the Article 134 charge. That's clear. I agree with you on that. And so when the petitioner pled guilty to the Article 92 charge, he was stating to the court, and that's confirmed in the stipulation of facts, yes, he is agreeing that he violated Article 2, violated lawful general regulation to which Department of Defense Directive 55000 by wrongfully using a government computer, a Fujitsu, to obtain access to pornographic Internet sites. That is a separate offense. That's what he did. And he didn't just look at child pornography sites. He also looked at adult pornography sites. Okay. Is there any question, is there any doubt on this record, whether when he was using his government computer, he was accessing pornographic sites that included child pornography? Yes, Your Honor. And where's the doubt in the record? Well, my doubt on the record is within the stipulation of facts, Your Honor. And within the stipulation of facts, it's only under the Article 92 section that he's talking about, I'm sorry, only under the Article 134 section that he talks about child pornography. And the point is that what the judge has taken is he's taken what we would call in the criminal arena, the statement of facts that's normally found on a plea. And that, to me, is analogous to the statement of stipulated facts that are found in the record, Your Honor. And in it, there are two separate sections. It's as if he, and he was, he was convicted of two separate violations. And what the judge has done is he's borrowed the facts that he likes out of one, although he's acknowledged and the government has never appealed that issue, that the Article 134 cannot be an aggravated felony. Well, I'm now looking at his statement, which he has, in which he has initialed each of the paragraphs. This is his July 18, 2002 statement. And he says, I first started looking at pornographic sites on my government computer around November 2001. I've surfed the Internet looking at model sites. By after February 2002, I got on the computer two to four times a day to look at pornographic pictures. Besides looking at adult pornographic pictures or images, I also looked at adult pornographic movies and child pornographic pictures. It was on his government computer. Yes, Your Honor, and I don't dispute that he said those words. My point is, is that the first paragraph really addresses his actions under Article 92. The second portion of that paragraph addresses his actions that led to the violation under Article 134. They were two distinct... I understand that it would be sufficient for his Article 92 discipline that these would have been adult pornographic sites, that that would have been sufficient for him to plead guilty. But we have in the record, that's a categorical problem. We have an as-applied problem, which is that he has testified that the pornography that he was accessing on his government computer included both adult pornography and child pornography. However, Your Honor, like I said, I would make the distinction, respectfully, that those statements were made only in reference to the Article 134. Is it clear that the basis for the 92 conviction, Article 92, is just the adult pornography? To me, it is, Your Honor. Okay. What do you look at? Well, I look at the charge... What do you base that statement on, just exactly? What would you want me... I look at the charge sheet to begin with, Your Honor, and in the charging sheet, when the petition is put before the court, this charging sheet tells him what the allegations are that are against him. And there's nowhere in the charging sheet... So we have the charging sheet. Exactly. But you can also consider, you know, in the modified categorical approach, you can consider the complaint. Which would be the charging sheet to me. You can consider any admissions or stipulations that are made at the time of the sentence. And, Your Honor, to me... You have the record. That would be the stipulation of facts, and I think it's... So if you go to the stipulation of fact, which I have in front of me... Yes, Your Honor. You would say the only facts that he admitted with respect to Article 92 is that he accessed adult pornography. That's correct, Your Honor. Is that right? That's correct, Your Honor. And that the other facts that he admitted for purposes of Article 134 included the reference to child pornography. That's correct, Your Honor. Now, are you telling us that we cannot use the July 18th statement? Your Honor, I'm not suggesting that you can or cannot use the July 18th statement. What I'm suggesting to you is that the stipulation of facts clarifies what those statements were made in the context those statements were made. And the stipulation of facts tells us on the very first page of it that this stipulation of facts is created for the appellate courts to see the factual basis. So it tells us right on its face, and the petitioner was entering into this agreement and agreeing to these things because he was stating that these are the facts and these are how they go to each article. And it's clear from the stipulation of facts that the only reference to child pornography was in the Article 134 violation and not in the Article 92. So we cannot refer to a separate confession? Your Honor, I'm not suggesting that you can or cannot. What I'm suggesting to you... It seems like it would be quite important to know whether we can or we can't. If we can, then he's pretty clearly admitted to looking at child pornography on his government computer. What I'm suggesting, Your Honor, is that the statements that you're referring to in July are somewhat ambiguous in that they don't... There's nothing ambiguous about this. Here's the other one. I realize that what I've done is wrong. I realize that I should not have used the government computer to look at pornographic pictures and videos and that looking at nude pictures of children was against the law. I'm sorry for what I've done. Your Honor, I'm not suggesting that what he did... that that issue is ambiguous. What I'm suggesting to you is that those statements are not clearly defined as to... in the statement as to which article he's referring to, he's making those admissions. And the Statement of Undisputed Facts, or the facts... what I would call the factual basis in the plea does clarify that. It does clarify it for all appellate purposes. And it says it in the front of the document. That was the purpose of the document. Let me ask, do we even get to the modified categorical approach? I don't believe we ever should have gotten to the modified categorical approach. Why not? Well, Your Honor, Government Counsel has been kind enough to remind the Court of a recent decision for September of this year. This came in yesterday or yesterday? Yes, I think she sent it yesterday. I received it yesterday. In particular, Navarro-Lopez v. Gonzales, 503 F. 3rd, 1063, which was decided, I believe, in September of this year. And in that document, in that decision, when we get to the modified categorical approach, in the very second paragraph, it says the modified categorical approach, however, only applies when the particular elements in the crime of conviction are broader than the generic crime. Now, when the crime of conviction is missing an element of the generic crime altogether, we can never find that a jury was actually required to find all the elements of the generic crime. In the petitioner's case, we're not talking about a generic crime. We're actually talking about a particular federal statute that the INA refers to. And there are no elements within the Article 92 charge that have the direct element of child pornography. If we did, it would be categorical, wouldn't it? I think we'd have an easier argument, an easier way to resolve this, yes. If the Article 92 said it's a violation to use government computers to access child pornography, we wouldn't be having this discussion at all because it would be a categorical analysis. I would agree. Are you suggesting that Navarro-Lopez's undone, our modified categorical approach? No, Your Honor, I think it's exactly on its way. What's left of it if we can't look at the record to find out whether the pornography was child pornography? Well, Your Honor, it's clear from the record from prior proceedings that not every part of what we might call the record is admissible. And where there are areas that are unclear, you can bring in other documents, judicially noticeable documents that can clarify those points. And that, to me, is what has happened by the stipulated facts. The stipulated facts have clarified what is, to me, somewhat ambiguous in his admissions. Because the admissions don't actually say, he doesn't say in there, okay, well, when I violated Article 134, that's when I was viewing child pornography. And when I was violating Article 92, that's when I was viewing adult pornography. And unfortunately he doesn't say that. But the stipulated facts do tell us that. It does say that that's exactly what he was admitting to. Your Honor, one more thing before I lose my time. I made another argument that has never been addressed by the government in their response, and that was the legal sufficiency of the charging document in the immigration proceedings. In particular, the factual allegation that was, if you remember, Your Honor, from the court records, at first the government charged him only with being deportable under the Article 134 violation as an aggravated felony. They came back and they said, no, no, wait a second. The Article 92 violation, that's an aggravated felony too. And in support of that factual allegation, I'm sorry, in support of that allegation, they made the factual allegation, number six, which says that on May 20, 2003, you were convicted by a special court martial, the violation of a law, general order to wit, Department of Defense Directive 550, by wrongfully using a government computer to obtain access to pornographic Internet sites in violation of Article 92 of the Uniform Code of Military Justice. I made this argument to the immigration judge. I made it before Your Honors. The factual allegation itself does not support child pornography. It only says pornography. And from what I know, and I've never seen any case from any jurisdiction, says that just simple pornography amounts to child pornography. Nor have I ever seen anyone that says that child pornography is necessarily a subset of pornography. Does it make logical? Maybe, but... I don't remember from looking at the hearing, but did they address the charge, the allegations in the charge at the time of the hearing? Because sometimes they clarify them. At which hearing, the immigration judge hearing? Yes. Well, Your Honor, I made that argument, and the immigration judge basically, I don't remember that he even addressed it, to be candid with you. I think he may have just glossed over the whole point of it. By that time, with the judge's analysis, we had gotten so far past categorical... And the Article 134 charge clearly did relate to child pornography, so it wasn't a surprise. It just puts in bold the argument that we're having here today, which is the Article 92 is different from the Article 134. Yes, Your Honor, I guess you could say that, yes. Okay, I think I'll let you go way beyond the argument time. Okay, sorry. That's okay. It's an interesting case. We'll hear from the government. May I please report? My name is Sue Wong, and I represent the United States, the respondent in this case. Your Honor, the issue here is whether the petitioner is removable as an aggravated felony, as defined under 8 U.S.C. 1101 A.43i, and the government's amendment, which admits that it is an aggravated felony. We're just down to the modified categorical approach on the Article 92 charge. Yes. That's where we're at. Right. Your Honor... Assuming that we get there. Do we even get to the modified categorical approach? Your Honor, we believe that we do. The conviction for which he has been charged with, it indicates it involved pornography, but as the immigration judge determined, that child pornography was a subset of pornography. Therefore, in that sense, Your Honor, I know that there was much distinction made by counsel with Article 134 versus Article 1. What's the comparable federal statute? What does it say? It said there's actually two federal articles. Well, actually, the codes 2252A2 and 2252A4. Did they just reference pornography? Well, no. They said that it's the depiction involving the use of a minor engaging in sexually explicit... In fact, possession of pornography itself would not be an aggravated felony. Is that correct? That's correct. We have to get to the question of child pornography here, or it is not barred under the... It's not included in the aggravated felonies. That's correct, Your Honor. We want to note that this particular case wouldn't even be here if the pornography that the petitioner was viewing was straight pornography. I mean, he was in the armed forces, and if he's being convicted for just watching pornography, I think a lot of individuals in the armed forces would. But this is... We're talking about child pornography. Are you asking us to take judicial notice of that, Counsel? Your Honor, I'm just trying to emphasize the fact that it's child pornography, and that's why it was serious. But I want to get back to the comparable federal statutes. They don't say anything about pornography. It talks about... I've heard about child pornography. It talks about child pornography, and the offense that was committed by the petitioner here, in the corpus of the offense, specifically involves child pornography. Now, the article... Both charges that the petitioner was found guilty of, they all relate to the fact that he was viewing child pornography. The fact that one article specifically mentions child pornography and the other one doesn't say specifically child pornography, it includes pornography, doesn't make... The petitioner was not found guilty under 92 because he was watching adult pornography versus 134, child pornography, because he admitted in the plea agreement and the statement of facts that he was watching both. And the issue here really is child pornography. Can we look to his July 2002 statement? I'm sorry, Your Honor. Can we rely on his July 2002 statement? This is the one where he's initialed all of the paragraphs? Yes, Your Honor. The 28J letter that we submitted to the court very recently just reiterates the categorical approach, the modified categorical approach, which states that the court may consider a charging document in conjunction with plea agreement, transcript of a plea proceeding, or the judgment itself. Okay, but what about side confessions?  It's not a transcript. It's not a judgment. It is a statement. It's labeled a statement. He signed it. He's initialed each of the individual paragraphs, and it is in our record. Can we rely on that? But that's not one of the three things you just named. Your Honor, in the court-martial proceedings, the documents are named differently, I believe, and that particular statement is akin to a confession, but also the, I believe it's called the, the name escapes me, Your Honor, the charging document, which indicates he, and the plea colloquy, where he specifically admitted to watching child pornography. Okay, but the plea colloquy is different. I understand that. I think that one probably comes within the documents you described. My question is, is it the government's position that under the modified categorical approach, that the court may rely on his July 2002 statement? Your Honor, the government's position is that under the modified categorical approach, it cannot be relied on. The July 2002 statement cannot be relied on? The confession, if the court views that as a confession of sorts, it would be akin to a confession. And so it cannot be relied on? It cannot be relied on. You have to look at what happened at the plea proceeding. Right. That's right. You look at the plea proceeding and look at what he, the stipulation of facts. In a traditional, in a regular court, criminal court, there's oftentimes a factual basis that the defendant agrees to, either orally or in writing. Right, right. And that's usually what happens in a, and those are what the court tells us, the Supreme Court tells us we need to look at. What happened at that plea proceeding? That's correct. Or the trial, you know, the jury instructions and whatnot. Right, that's correct. We look at the plea proceeding and here what it looks, we have the stipulation of fact that we're looking at. Right. And it is very clear that the petitioner was found guilty of watching child pornography. But there were two clearly distinct charges. Right, but the... One was far more serious than the other. Well, they both involved the viewing of child pornography and he was found guilty for that. But you just said they also viewed the viewing of adult pornography. He had the viewing of, the problem with the, if he was just viewing adult pornography, that would have gotten him an Article 92 discipline. Right. Because it was the unauthorized use of the computer that was the problem. Right. Now, the child porn was a different problem. But there was also evidence in the record that Mr. Aguilar-Turcios had been going back to the barracks and borrowing a computer that belonged to somebody else, a private computer, not a governmental computer, and was viewing pornography, including child pornography, on that computer. Right. Actually, that computer belonged to another officer and it was a government, I believe. It was a government issued? Right. Was that part of the charge here? He used one of his... I thought the charge was quite specific, it was only a single computer. It was all part of the stipulation of facts where he used his own computer, the government issued computer, and then he borrowed his co-worker's computer. Right. This was belonging to Lance Corporal Andrew J. Lake. I don't think that's a Marine Corps computer. It was a compact laptop. We're even given the serial number. That's in Specification Number 2. Okay. But we do have... We do have the confession in Specification Number 1 to using a government computer hard drive and possessing visual depictions of minors engaging in sexually explicit conduct. Your Honor, under the Article 92 for which the petitioner was found guilty of, under DLD 5500.7R, they list different types of violations that fall under Article 92 and they specifically state, such as involving pornography, chain letter, etc. And in this case, because it is a child pornography offense, he was found... His actions... He claimed he started watching regular porn, if there was such a thing, and then he dwelled into child pornography and that is why he was charged with these two... They were trying to capture both conduct. One was more serious than the other. Right. I mean, it... The government believes it is clear that his conviction involved child pornography and not just adult pornography by itself. Counselor, if you look at the specification document, if you look at the charging... This is the charge sheet. And does he plead guilty to all three of these specifications? I believe that he does. Yes, Your Honor. Okay. So we have the specification under the Article 92 charge and the two specifications under the Article 134 charge. If you compare the specification under the Article 92 with specification number 1 under the Article 134, you will see that the government computer that was used in both cases is identical. It is identified by serial number. It is very clear that we have a government serial number in specification number 1 it says to access pornographic Internet sites. I'm sorry, in the Article 92 specification it just says generally to obtain access to pornographic Internet sites. But under specification number 1 it says he used his government computer to possess visual depictions of minors engaging in sexually explicit conduct. By comparing those two, the precise language, we can tell that under the charge sheet that he was using a government computer to access child pornography and that he admitted to that. Right. And that is what we are arguing that that specific act which is the corpus of the offense involves child pornography and therefore that conviction falls under the aggravated felony section and that he's removable as a result. What's his status now? I believe he's detained and pending... In immigration? I believe Petitioner's Counsel may have a better idea. He's detained and pending removal and I am not certain whether he's about to be removed pending the outcome of this case but I know that he is detained. Okay. If there is no further question, the government submits on the brief. Okay. Thank you. I'll just give you one minute for a quick rebuttal. Thank you, Your Honor. Your Honor, the government's case and I believe maybe this arises from the immigration judge's decision deals with what he calls the corpus of the crime and I think we're going down a slippery slope when we start talking about the corpus of the crime because that suggests that every act whether it was charged or whether the person was convicted ultimately can be brought back in under the modified catechorical approach and draw from those acts and lead them over into another charge that actually was found and I think it's a dangerous slope and I think for policy reasons we need to limit the spectrum here and not allow immigration judges to engage in this type of speculation or this attempt to bring things from one charge into another. Counsel, would you address the point that I raised with Ms. Wong just a minute ago and that is that the specification under Article 92 identifies a computer by serial number. That is the same computer by serial number identified in Specification Number 1 under the 134 charge and if he has pled guilty to all three of these specifications then he has pled guilty to using a particular government computer in order to possess visual depictions of minors engaging in sexually explicit conduct. Is that correct? I can't argue with that because that is a factual statement but I would put it analogous to an individual is driving a car on his way to commit a crime let's say a robbery or something like that on the way he gets into an accident and the accident is his fault. He runs a stop sign and he hits somebody. Is he using the same vehicle to commit the crime? Both crimes, yes. But there are two distinct charges. One is he's ran the stop sign. The other one he's using the vehicle to commit the ultimate crime which was the robbery, the burglary, whatever it is. My point is that although they reference the same computer it's clear that he used the same computer to look at both child pornography and adult pornography. Article 134 dealt with the child pornography. Article 92 dealt strictly with plain old adult pornography. And the problem is here that the immigration judge although I think the judge was right in that the Article 134 charge does not amount to an aggravated felony. That's been confirmed by the board and has never been appealed by the government. So we are only talking about the Article 92 charge and the factual allegations that led to the Article 92 charge and the facts that the petitioner agreed to that he did that support the Article 92 charge and in that way it is not an aggravated felony because there is never a reference to child pornography including in the stipulation of facts. Okay, so what's his status? Your Honor, the petitioner has been in custody throughout these proceedings. He remains in custody in the San Diego area. By the immigration authorities or by the Marine Corps? By the immigration service, Your Honor. How long was he in the Marine Corps before all this happened? I think just a couple of years, two or three years. And you should know that his sentence was a ten-month sentence for violating them. So is it even a felony? I'm not here to condone what the petitioner did in any way, shape, or form. But the point is there are legal issues here and the immigration judge did not abide by the rules of the modified categorical approach. Thank you. We appreciate the arguments on both sides. That's an interesting case. Okay, let's see. We're going to take up National Union Fire Insurance company of Pittsburgh versus Falcon Jet Corporation.
judges: Nelson, Paez, Bybee